# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN GRAHAM, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-728-GPM |
| ROGER E. WALKER, JR., *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Upon review of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings, filings, and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants "Unknown Parties: 7-3 Segregation Shift Personal Property Staff" for allegedly confiscating his optometrist-prescribed tinted glasses in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendants Williams, Hulick, and Walker for denying Plaintiff adequate medical care for an eye condition in violation of Plaintiff's Eighth Amendment rights.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## DISCUSSION

At this early stage, the Court cannot conclude that the claim asserted in Count 2 lacks merit. Although Plaintiff asserts that his eyes were eventually examined by Dr. Williams at Menard Correctional Center, Plaintiff contends that the examination was delayed for over two years. During the interim, Plaintiff states that he suffered from various ailments (e.g., headaches, blurred vision, burning eyes, etc.). Furthermore, it is unclear why Dr. Williams decided not to prescribe Plaintiff tinted glasses – a decision that seems to conflict with the decision of the optometrist at Pontiac Correctional Center. Therefore, Plaintiff may proceed against Defendants Williams, Hulick, and Walker on Count 2 of the Complaint.

Plaintiff's claim in Count 1, however, should be dismissed. Claims brought in Illinois under 42 U.S.C. § 1983 are subject to the two-year statute of limitations applicable to personal injury

claims. 735 ILCS § 5/13-202; *Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir. 1992). According to the complaint, Plaintiff's glasses were confiscated from him when he arrived at Mendard Correctional Center – an event that occurred sometime between January 17 and January 25, 2005. The instant complaint was filed with the Court on October 18, 2007. Consequently, the claim in Count 1 was filed nearly nine months too late. Therefore, the "Unknown Parties" will be dismissed from this action.

**SUMMARY**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice from this action and, consequently, Defendants **"UNKNOWN PARTIES 7-3 SEGREGATION SHIFT CORRECTIONAL OFFICERS AND 7-3 SEGREGATION SHIFT PERSONAL PROPERTY STAFF"** are **DISMISSED** with prejudice from this action.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WILLIAMS, HULICK, AND WALKER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WILLIAMS, HULICK, AND WALKER**. in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with that defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 04/04/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge