# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-728-GPM |
| | ) |
| DONALD HULICK and MICHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on August 3, 2009, for hearing on Defendants' motions for summary judgment. For the following reasons and for those set forth on the record during the hearing, the motions are granted.

### FACTUAL BACKGROUND

Plaintiff Marvin Graham is incarcerated at Menard Correctional Center (Menard). He has been diagnosed with amblyopia, a condition that causes the brain to fail to perceive light from an otherwise normal eye (Doc. 59). Plaintiff claims that Defendant Williams, an optometrist at Menard, was deliberately indifferent to his medical condition by failing to prescribe sunglasses to shield his eyes from bright light. He claims that exposure to light causes headaches, blurry vision, tearing, and pain in his eye. In the past, an optometrist at another prison had prescribed Plaintiff sunglasses; however, they were confiscated upon Plaintiff's transfer to Menard. After ultimately waiting two years to see Dr. Williams, Plaintiff was not prescribed tinted glasses to treat his condition (*see* Doc

51).

With respect to Defendant Hulick, Plaintiff claims that the former warden was deliberately indifferent by failing to respond to Plaintiff's grievances about his lack of medical attention (Doc. 51). Defendant Hulick no longer is the warden at Menard (Doc. 71).

**ANALYSIS**

Federal Rule of Civil Procedure 56(c) provides that if the pleadings, discovery, and disclosure materials disclose no genuine issue of material fact, the movant may be entitled to judgment as a matter of law.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

The Eight Amendment's prohibition against cruel and unusual punishment requires that states provide their prisoners with proper medical care. *Estelle v. Gamble,* 429 U.S. 97, 109 (1976). Mere failure to provide medical care, however, does not automatically violate the Eight Amendment. Plaintiff must meet a two-part test by showing: (1) an objectively serious medical need and (2) that prison officials were deliberately indifferent to his need. *Farmer v. Brennan,* 511 U.S. 825, 834

(1994).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). It is undisputed that Plaintiff has severely limited vision in one eye. The Court agrees that this could be considered a serious medical condition for purposes of showing deliberate indifference.

But Plaintiff cannot show that Dr. Williams was deliberately indifferent to any such serious medical need. Negligence in treating or diagnosing a medical condition is not deliberate indifference. *Peate v. McCann,* 294 F.3d 879, 882 (7th Cir. 2002). An inference of deliberate indifference is reasonable when a diagnosis or course of treatment strays far from the range of accepted practice. *Estate of Cole v. Fromm,* 94 F.3d 254, 261-262 (7th Cir. 1996). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996).

According to Wikipedia, amblyopia is a developmental problem in the brain, not an organic problem in the eye. Amblyopia, http://en.wikipedia.org/wiki/Amblyopia (last visited Aug. 3, 2009). Treatment usually is limited to children and includes covering the good eye so that the poor eye learns to adjust. *Id.* Adult treatment has limited effectiveness. *Id.* Two optometrists have diagnosed Plaintiff with amblyopia (*see* Docs. 59, 63). Plaintiff has a permanent medical condition that generally is not treatable in adults. This is consistent with Dr. Williams's treatment of Plaintiff. Even if Dr. Williams had seen Plaintiff promptly and without any delay, the result would not be different for Plaintiff. Choosing not to prescribe tinted lenses is an appropriate treatment option for

this condition. For this reason, the Court need not resolve the issue of how or why Plaintiff's appointments were cancelled.

To prevail against the former warden, Plaintiff must show that Defendant Hulick was deliberately indifferent to his complaints about failing to receive proper medical treatment. Non-medical prison officials are justified in believing that a prisoner is in capable hands when the prisoner is under the care of medical experts. *Greeno v. Daley,* 414 F.3d 645 (7th Cir. 2005). Summary judgment is appropriate where the evidence shows that the warden investigated the inmate's grievance, sought information from medical officials, and relied on the judgment of treating physicians. *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008).

The record reflects that Defendant Hulick was not deliberately indifferent; he requested a report from the medical staff (Doc. 67). The report showed that the medical staff had been scheduling appointments for Plaintiff and that an appointment was scheduled in the near future (Doc. 67). Hulick reasonably concluded, based on such report, that Graham was not being denied access to prison medical care. Moreover, because Defendant Hulick no longer is the warden at Menard, injunctive relief is not an available against him.

## CONCLUSION

For these reasons, Defendants' motions for summary judgment (Docs. 59, 67) are **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 08/05/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge